IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANCES HUNT, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 19-cv-02611-JMC |
| J.C. PENNEY CORPORATION, INC., | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

Pending before this Court is J.C. Penney Corporation's ("Defendant") Motion to Compel Frances Hunt ("Plaintiff") to Produce Compliant Supplemental Expert Disclosures. (ECF No. 28). Plaintiff has filed a Response in Opposition. (ECF No. 32). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Defendant's Motion is DENIED.

The pending dispute concerns the sufficiency of the expert disclosures provided by Plaintiff. In accordance with this Court's scheduling Order of September 19, 2019, Plaintiff's Rule 26(a)(2) Disclosures were due by November 18, 2019. (ECF No. 13). On September 30, 2019, Plaintiff's Counsel served a Designation of Expert Witnesses, which named doctors Naji Haroun, M.D., Neil Cohen, D.C., and Jeffery Gaber, M.D. (ECF No. 22-1). This disclosure identified the practice areas of the doctors, and stated that all would testify in accordance with their respective background, education, training and experience, the history provided by the Plaintiff, the examination(s) performed concerning the Plaintiff, as well as a review of the Plaintiff's medical records, reports and bill that have either already been provided or are in the process of being obtained. *Id.*

On November 12, 2019, Plaintiff's Counsel served an Amended Designation of Expert Witnesses and Supplemental Answers to Interrogatories, adding Dr. Fitzpatrick Wilson and Dr. Faisal Sayeed but not greatly expanding the substance of the disclosures. (ECF No. 28-6). On November 19, 2019, Defendant sent correspondence to Plaintiff objecting to the lack of detail in the disclosures and the corresponding interrogatory answers (which relied upon the disclosures). (ECF No. 28-8). On November 25, 2019, Plaintiff filed a Second Amended Designation of Expert Witnesses that added slightly more detail. (ECF No. 28-11). Unsatisfied, Defendant filed the instant Motion to Compel on December 9, 2019.

Defendant argues that Plaintiff's Second Amended Designation of Expert Witnesses remains insufficient as it also failed to specify which of the Plaintiff's alleged injuries each expert will address or explain the causal connection between the injuries and Defendant's alleged conduct. (ECF No. 28 at 1). Further, Defendant contends that the inadequacy of these reports "unduly burdened and prejudiced the preparation of Defendant's defense of this case." (ECF No. 28-1 at 6).

In her Response in Opposition, Plaintiff attaches yet another amendment to her previous designation. (ECF No. 32-1). Although it too is captioned "Second Amended Designation of Expert Witnesses," unlike its immediate predecessor, it contains substantial revisions. First, it drops Dr. Jeffrey Gaber as an expert in the case. Second, it adds significant substantive detail as to what each listed expert is expected to address and the information relied upon.[1]

---

[1] It does not do so as robustly as to Dr. Sayeed, presumably because Dr. Sayeed is not expected to see Plaintiff until later in January of 2020.

Viewing these designations and amendments together, the Court concludes that they are adequate to provide Defendant fair notice of the anticipated testimony. Accordingly, Defendant's Motion to Compel (ECF No. 28) is DENIED.

Plaintiff should supplement Dr. Sayeed's disclosure within ten (10) days of her appointment with him in January. Should Defendant require additional time to prepare its own disclosures based on the timing of Plaintiff's various amendments, this Court is prepared to grant a reasonable extension of the schedule. The parties should confer and make a proposal to the Court if revisions to the schedule are necessary.

A separate Order shall follow.

Date: January 6, 2020 /s/
J. Mark Coulson
United States Magistrate Judge